John D. Bennett, J.
The petitioner is the beneficiary of a preresiduary trust created by the will of his grandfather. The decedent died in August, 1974 and his will was probated in this court. By it he created two trusts, one for a granddaughter and the other for the petitioner.
The will bequeathed to his daughter, in trust, "for the use and benefit of’ the petitioner, all moneys on deposit in a specified savings and loan account. It directed the trustee to accumulate the income until the petitioner reaches the age of 21 years, at which time the trustee was directed to pay petitioner the accumulated income plus 20% of the principal; thereafter to pay the income therefrom semiannually to petitioner until he reaches the age of 30 years when the trustee is directed to pay him the balance of the principal with any accumulated income and "thereupon the said trust shall cease and terminate”.
There is no express provision in the will against the application of EPTL 7-1.6 and the will is also silent as to any advances from principal or discretion by the trustee. The will does not provide for disposition of the trust principal in the contingency of the petitioner possibly dying before reaching the age of 30 years so the remainder to him is vested, subject to being divested in that event in favor of the residuary legatee. The trustee (mother of the petitioner) is the sole residuary legatee and she has submitted an affidavit by which she expressly consents and agrees to the application, stating that the petitioner "would suffer undue hardship” if she, as trustee, is not permitted to invade the corpus of the trust for the purposes of petitioner’s education.
The petitioner is now 24 years of age and is a second year dental student at the University of Pennsylvania whose financial officer has certified to an initial expense of $6,815 for the current 1976-1977 academic year. This amount does not include living expenses and the papers submitted indicate that the petitioner is unable to obtain a bank loan to finance his education. In addition to the university charges, there is needed a total of $4,050 required for books, rent, food and other items, making an aggregate cost for the year of $10,865.
The petitioner had already attained the age of 21 years when the will was probated so the trustee immediately paid him the 20% of principal and accumulated income. The trust at the present time has on hand $11,512.59 on deposit in two *684 interest-bearing savings accounts, which complies with the will.
The authority of this court to direct an invasion of corpus where there is no such authority already in the will is clear (EPTL 7-1.6, subd [b]). Conditions imposed by the statute indicate that relief may only be granted after notice to all persons beneficially interested in the trust and a hearing is to be held; also, the court must be satisfied that the original purpose of the creator of the trust cannot be carried out and that an allowance out of principal will effectuate the creator’s intention. Professor Patrick J. Rohan in his Practice Commentary to the statute (Rohan, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-1.6, 1975-1976 Supp, p 52), states that the section must be interpreted "as a form of cy pres for private trusts and that the question posed as 'would the settlor have approved of this corpus invasion, had he thought about it, although we are fairly certain that he did not think about it’ ”.
In October, 1956 when the will was executed this petitioner was only about four years of age and the testator overlooked the future needs of this child which actually arose 20 years later.
From the papers and documentary evidence submitted, the court is convinced that the provisions of EPTL 7-1.6 should be applied to this trust. The only persons beneficially interested therein have expressly consented to the relief sought and the evidence submitted is sufficient, without the extra formality of a hearing, to satisfy the court within the meaning of the statute that the original purpose of the creator of the trust cannot be carried out; that the invasion requested will effectuate his intention. Accordingly, the court dispenses with the formality of a hearing and grants the application.
The actual amount requested will leave less than $700 in the trust. The court therefore suggests that the petitioner and trustee file supplementary affidavits, if they so desire, requesting that the said balance also be set apart from the trust principal to be applied to the costs and expenses of this proceeding and any balance remaining applied towards the next academic year. This will avoid any need to renew the application next year.